THOMAS L. DUSTON, ESQ.
mailto:cspada@lswlaw.com(Tduston@marshallip.com]
MARSHALL, GERSTEIN & BORUN, LLP
233 South Wacker Drive
Suite 6300
Chicago, Illinois 60606-6357
(312) 474-6300
(Admission *pro hac vice* to be filed)


DAVID C. STANZIALE, LLC (David.Stanziale@dcslawoffice.com)
David C. Stanziale, Esq., NJ Atty. ID #017241991
552 High Mountain Road
North Haledon, New Jersey 07508
(973) 955-0470
Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


| | |
|---|---|
| Canfield Scientific, Inc., a New Jersey Corporation, | ) ) ) |
| Plaintiff, | ) Case No. ) ) **COMPLAINT AND JURY DEMAND** |
| vs. | ) ) |
| Melanoscan LLC, a Connecticut limited liability corporation, and Dr. Rhett Drugge, an individual, | ) ) ) ) |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, VIOLATION OF §43(A) OF THE LANHAM ACT, TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, COMMERCIAL DISPARAGEMENT, AND COMMON LAW UNFAIR COMPETITION**

Plaintiff Canfield Scientific, Inc. ("Canfield"), through its undersigned counsel, alleges as follows against Defendants Melanoscan LLC and Dr. Rhett Drugge:

## NATURE OF THIS ACTION

1. Canfield brings this case to prevent Defendants Melanoscan LLC and Dr. Rhett Drugge from continuing to make objectively baseless, bad faith, false and misleading public allegations that Canfield has infringed United States Patent No. 7,359,748 (the '748 patent) (attached hereto as Exhibit A). In making such allegations, Defendants have unlawfully sought to harm Canfield's business relationships with its present and prospective customers. Canfield seeks a declaration that its products do not infringe the '748 Patent, recovery of any and all damages occasioned by false and misleading statements made by both Melanoscan LLC and Dr. Drugge, and preliminary and permanent injunctive relief prohibiting the continuation of such conduct by Melanoscan LLC and Dr. Drugge.

## PARTIES

2. Canfield is a corporation organized and existing under the laws of the state of New Jersey, and having a principal place of business at 4 Wood Hollow Road, Parsippany, New Jersey 07054. Canfield is a global leader in imaging systems, services, and products for scientific research and healthcare applications, including the pharmaceutical, biotechnology, cosmetics, medical and skin care industries.

3. Melanoscan LLC is a limited liability corporation organized and existing under the laws of the state of Connecticut, and having a principal place of business at 50 Glenbrook Road, Unit 1C, Stamford, CT 06902. On current information and belief, Melanoscan LLC became owner of all right, title and interest in the '748 Patent on or about July 14, 2016.

4. Dr. Rhett Drugge is an individual and the named inventor of the '748 patent. Upon information and belief, Dr. Drugge was the owner of all right, title, and interest in the '748 patent prior to July 14, 2016. Upon information and belief, Dr. Drugge is a resident of Connecticut and his office is located at 50 Glenbrook Road, Unit 1, Stamford, CT 06902.

## JURISDICTION AND VENUE

5. This is an action for a declaratory judgment of patent non-infringement, violation of §43(a) of the Lanham Act, tortious interference with prospective economic advantage, commercial disparagement, and common law unfair competition under New Jersey law.

6. Certain of the claims herein arise under the laws of the United States. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. § 1121. Additionally, certain of these claims are brought pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 with respect to an actual controversy within this court's jurisdiction.

7. In addition, the parties herein are citizens of different states and the amount in controversy exceeds $75,000. This court has subject matter jurisdiction over these disputes pursuant to 28 U.S.C. §§1332(a)(1).

8.  In addition, this Court further has supplemental jurisdiction over any claims for which it may be deemed not to have original jurisdiction pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims falling within this Court's original jurisdiction that they form part of the same case or controversy.

9.  Venue is proper with this Court pursuant to 28 U.S.C. § § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

10. This Court has personal jurisdiction over Defendants at least because the tortious actions taken by Defendants were aimed at interference with Canfield's performance of its contractual relationships, the formation of its prospective contractual relationships, and its manufacturing, sales and business activities in the State of New Jersey.

## FACTUAL BACKGROUND

### A. The '748 Patent.

11. The '748 patent titled "Apparatus for Total immersion Photography" issued on April 15, 2008 to the named inventor Dr. Drugge. In an assignment dated July 14, 2016 and recorded with the patent office on that date, Dr. Drugge purportedly assigned all rights, title and interest in the '748 patent to Melanoscan LLC.

12. Among other things, each claim of the '748 patent requires an enclosure which specifies an imaging position for the placement of a person or portion thereof. Each claim of the '748 patent requires that each of a plurality of imaging devices be located "a predetermined distance relative to the specified imaging position." Each claim of the '748 patent calls for "precise measurement" of imaged features of the person or portion thereof using coordinates

defined by each imaging device, a focal length and resolution defined by each imaging device, and the "predetermined distance."

### B. The Accused Canfield Device.

13. Canfield developed, manufacturers and sells an imaging system identified as the Vectra WB360. Canfield has, and intends to, manufacture the Vectra WB360 in its facility in New Jersey. Canfield manages its sales activities relating to the Vectra WB360 from its facility in New Jersey. Canfield's customers for such devices include Memorial Sloan Kettering Cancer Center and Princess Alexandra Hospital (Australia). Canfield's Vectra WB360 systems have been purchased for delivery to, and installation and use in, New York, New York, Harrrison, New York, Hauppauge, New York, and Basking Ridge, New Jersey, among other locations.

14. Unlike the purported invention claimed in the '748 Patent, the accused Canfield Vectra WB360 product does not, among other things, include an enclosure defining a specified imaging position in relation to which a plurality of imaging devices are located a predefined distance therefrom, nor employ calculations based upon such a predetermined distance together with the focal length, resolution and defined coordinates of such imaging devices, all as called for by the claims of that patent.

### C. Defendants' Campaign to Interfere With and Disparage Canfield's Business.

15. On June 18, 2016, Dr. Drugge sent an email from his personal email address to numerous recipients. These recipients included customers, potential customers and other figures prominent in the field to which Canfield's devices pertain. Dr. Drugge's communication was directed to several email list services whose audience consists of large numbers of

dermatologists and others concerned with the field to which the Canfield device pertains. (*e.g.* rxderm-l@ucdavis.edu and dermchat@ucdavis.com).

16. Dr. Drugge also specifically directed his communication to Drs. Allan Halpern and Ash Marghoob of Canfield's customer, the Memorial Sloan Kettering Cancer Center.

17. Additionally, Dr. Drugge directed his communication to Dr. Cliff Rosendahl of the University of Queensland, Dr. Clara Curiel-Lewandroski of the University of Arizona Cancer Center, the president of the American Academy of Dermatology, Noel Codella of IBM, Dr. William V. Stoecker of the University of Missouri School of Medicine, Dr. Daniel Siegel of the Long Island Dermatology Center, Dr. Joseph Malvehy, the Director of the Melanoma Unit at the Hospital Clinic of Barcelona, Dr. Alon Scope, the Director of the Melanoma and Pigmented Lesion Clinic at the Chaim Sheba Medical Center, Dr. Dirk Elston of the SUNY Downstate Medical Center and the Medical University of South Carolina, Dr. Kittler Harald of the Medical University of Vienna, Dr. Mark Lebwohl of Mount Sinai Hospital, and Dr. Thomas Gallagher. These doctors and institutions comprise prospective customers of Canfield. Upon information and belief, the recipients of this communications were aware that the device discussed therein was a Vectra WB360 manufactured by Canfield.

18. Dr. Drugge characterized his communication as a "public announcement." Dr. Drugge expresses his intent to "publicly serve notice throughout the dermatology community" that the Canfield Vectra WB360 in use at Sloan Kettering "is violating the intellectual property" behind his '748 patent. Dr. Drugge characterized the Canfield Vectra WB360 in use at Sloan Kettering as "a profoundly disgraceful . . . act of intellectual property theft" and an "illegal

infringement of [his] patent." Dr. Drugge encouraged the recipients of his communication to use his Melanoscan system instead of the allegedly infringing Vectra WB360.

19. Dr. Drugge announces in his communication that prior to issuing his "announcement," he consulted with his legal counsel, Mr. Mark Giarrantana, an attorney with McCarter & English. Dr. Drugge's communication represents that he has undertaken the necessary investigation to reach a legal conclusion that the Canfield device infringes one or more claims of the '748 patent, and that the Canfield device does, in fact, infringe one or more of such claims.

20. Dr. Drugge sought to interfere with Sloan Kettering's continued use of the Canfield Vectra WB360, and with the accumulation of clinical data important to Canfield's continued design and development of that device, demanding that Sloan Kettering "cease immediately [its] use" of the Canfield device. Sloan Kettering has issued a purchase order for a Vectra WB360 to be built at Canfield's facility in New Jersey and for delivery and installation at Sloan Kettering's facility in Basking Ridge, New Jersey. Dr. Drugge also asserted that he "should own the database of images" which he alleges were "illegally captured with [his] device." Dr. Drugge copied his communication to Mr. Giarrantana.

21. By letters dated July 15, 2016, Mr. Giarrantana, writing on behalf of Defendant Melanoscan LLC, accused Canfield of infringing the '748 patent through the manufacture, offer to sell, and/or sale of the Vectra WB360 device, as shown on Canfield's website and as provided to Memorial Sloan Kettering and Princess Alexandria Hospital (Australia). Mr. Giarrantana directed his letters to Dr. Stephen Ayre, Executive Director of Princess Alexander Hospital and to Mr. Douglas Canfield, President of Canfield, 4 Wood Hollow Road, Parsippany, New Jersey.

22. In his correspondence to Dr. Ayre, Mr. Giarrantana states that "Canfield's manufacture for and sale of the VECTRA Whole Body 360 system to the Hospital infringed Melanoscan LLC's '748 Patent." Mr. Giarrantana demands that the Hospital, "and all Metro South Health and affiliated facilities," refrain from obtaining "any further VECTRA Whole Body 360 'total body imaging' or like systems from Canfield." Mr. Giarrantana threatens Dr. Ayre, representing that Princess Alexandria Hospital would be liable for inducing infringement under United States law were it to do so.

23. In Mr. Giarrantana's correspondence with Canfield, he charges that Canfield "is manufacturing, offering to sell, and selling body imaging systems that mimic Melanoscan LLC's Melanoscan system and infringe the '748 Patent." The accused infringing systems were identified as the VECTRA WB360, as shown on Canfield's website, and imaging systems provided to Memorial Sloan Kettering Cancer Center in New York and Princess Alexandria Hospital in Australia. On behalf of Melanoscan LLC, Mr. Giarrantana demanded that Canfield immediately cease and desist all manufacture, use, sale, offering for sale, advertising and promotion in the United States of VECTRA WB360 products. Mr. Giarrantana concluded his letter by reserving Melanoscan LLC's right to take such legal action as it deems necessary to protect its rights, including the filing of a lawsuit seeking injunctive relief, damages, profits, and any other appropriate relief.

24. Mr. Giarrantana's communication on behalf of Melanoscan LLC represents that he and Melanoscan LLC have undertaken the necessary investigation to reach a legal conclusion that the Canfield devices shown on Canfield's website, and those imaging systems provided to Memorial Sloan Kettering Cancer Center in New York and Princess Alexandria Hospital in Australia, infringe one or more claims of the '748 patent, that each of these Canfield devices

does, in fact, infringe on or more of such claims, and that actions by the Princess Alexandria Hospital, and Metro South Health and affiliated facilities, to obtain such Canfield devices would constitute indirect infringement under U.S. law and render them liable for such infringement.

25.     Neither the Canfield devices manufactured and sold to Memorial Sloan Kettering Cancer Center in New York and Princess Alexandria Hospital in Australia, nor the device depicted on its website, infringe any claim of the '748 patent. On information and belief, neither Mr. Drugge, nor Melanoscan LLC or Mr. Giarrantana on its behalf, conducted an investigation sufficient to support the accusations described above. Consequently, the statements and representations made by Dr. Drugge and by Mr. Giarrantana are false, objectively baseless, were made in bad faith and were intended to injure Canfield's relationships with its actual and prospective customers, and its business and reputation.

26.     As demonstrated by Defendants' decision to target Canfield's customers and prospective customers and identified specific customers in its correspondence, Defendants were aware of Canfield's current and prospective business relationships with those individuals contacted. Upon information and belief, Defendants' targeting of those customers intentionally and without justification or excuse interfered with Canfield's current and prospective business relationships.

27.     Based upon the circumstances of the public announcement made by Dr. Drugge and Defendants' direct contact with Canfield's customers making these baseless allegations, Defendants actions were made in bad faith.

28. Canfield's reputation and its business relationships with those customers and prospective customers in receipt of the Defendants' communications have been harmed by Defendants' objectively baseless, bad faith allegations of patent infringement.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '748 PATENT

(As to Defendant Melanoscan LLC)

29. Plaintiff incorporates by reference Paragraphs 1-28 in their entirety as if fully set forth herein.

30. There is, therefore, an actual controversy between the parties with respect to the whether Canfield has infringed the '748 patent.

31. The Vectra WB360 product does not infringe the '748 patent for at least the reason that it does not, among other things, include an enclosure defining a specified imaging position in relation to which a plurality of imaging devices are located a predefined distance therefrom, nor employ calculations based upon such a predetermined distance together with the focal length, resolution and defined coordinates of such imaging devices, all as called for by the claims of that patent.

32. Canfield has not infringed and does not infringe any valid claim of the '748 patent, literally or under the doctrine of equivalents, directly or indirectly.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE BUSINESS ADVANTAGE

(As to both Defendants)

33. Plaintiff incorporates by reference Paragraphs 1-32 in their entirety as if fully set forth herein.

34. Canfield has customer relationships with Memorial Sloan Kettering Cancer Center in New York and Princess Alexandra Hospital in Australia. Canfield has further prospective business relationships with those customers and with many of the individuals copied on Dr. Drugge's "public announcement" accusing Canfield's products of infringement.

35. Canfield has a protected interest in its advantageous business relationships with customers and in its prospective advantageous business with its prospective customers.

36. Defendants knew of these protected interests in Canfield's advantageous business and prospective business relationships.

37. Defendants intentionally and without justification interfered with Canfield's current and prospective business relationships by making objectively baseless, bad faith allegations of patent infringement against Canfield to Canfield's current and prospective customers for the purpose of interfering with Canfield's business relationships with these customers and prospective customers.

38. Upon information and belief, Defendants had reckless disregard for the falsity of these allegations.

39. Canfield's reputation and current and prospective business relationships have been irreparably harmed by Defendants' tortious conduct.

## COUNT III
## UNFAIR COMPETITION UNDER THE LANHAM ACT § 43(a) – 15 U.S.C. § 1125(a)

(As to both Defendants)

40. Plaintiff incorporates by reference Paragraphs 1-39 in their entirety as if fully set forth herein.

41. Defendants' actions alleged above constitute unfair competition under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Defendants have made objectively baseless, material false statements concerning Canfield's products in a commercial communication, as set forth herein, in an effort to harm Canfield's business relationships with its customers. Specifically, Defendants intentionally and falsely led consumers to believe that Canfield's products infringe the '748 patent and that Canfield's customers could be liable for patent infringement if they purchase Canfield's products.

42. Defendants' materially false statements are likely to deceive a substantial portion of their intended audience. That deception is material in that it is likely to influence purchasing decisions of the intended audience of the statements.

43. Defendants' false and misleading statements were made in bad faith.

44. Defendants caused the false and misleading statements to enter interstate commerce.

45. Canfield's reputation and current and prospective business relationships have been irreparably harmed by Defendants' false and misleading statements.

## COUNT IV
## COMMERCIAL DISPARAGEMENT UNDER NEW JERSEY COMMON LAW

(As to both Defendants)

46. Plaintiff incorporates by reference Paragraphs 1-45 in their entirety as if fully set forth herein.

47. Dr. Drugge published via his email "public announcement" false allegations concerning Canfield's products. Dr. Drugge published these false allegations knowing them to be false and/or with reckless disregard for their falsity.

48. Defendant Melanoscan published false allegations concerning Canfield's products knowing them to be false and/or with reckless disregard for the falsity of the allegations.

49. Defendants' false allegations were made with malice and were intended to harm Canfield's business relationships with its customers and prospective customers.

50. Defendants' actions constitute commercial disparagement and trade libel.

51. Canfield's reputation and current and prospective business relationships have been irreparably harmed by Defendants' false and misleading statements. As a result of Defendants' false allegations, Canfield has suffered a loss of goodwill and may suffer lost sales or loss of prospective contracts with customers.

## COUNT V
## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

(As to both Defendants)

52. Plaintiff incorporates by reference Paragraphs 1-51 in their entirety as if fully set forth herein.

53. Defendants' wrongful conduct as described above constitutes unfair competition in violation of New Jersey common law.

54. As a proximate result of Defendants' wrongful conduct, Canfield's reputation and current and prospective business relationships have been irreparably harmed.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Canfield requests judgment be entered in its favor and against Defendants Melanoscan, LLC and Dr. Rhett Drugge such judgment providing:

A. That Canfield has not infringed the '748 Patent;

B. That the allegations of infringement made by Defendants are baseless and have been made in bad faith;

C. That in making such baseless allegations, Defendants are liable for tortious interference, commercial disparagement, and unfair competition under both the Lanham Act and state law;

D. That Canfield be awarded its actual damages resulting from the tortious interference, commercial disparagement, and unfair competition complained of herein, in an amount to be determined at trial;

E. That Canfield be awarded all of Defendants' profits derived from the illegal acts complained of herein pursuant to 15 U.S.C. § 117(a);

F. That Canfield be awarded enhanced damages pursuant to 15 U.S.C. § 1117(a);

G. That Canfield be awarded punitive damages;

H. That Canfield be awarded costs pursuant to 15 U.S.C. § 1117(a) and Federal Rule of Civil Procedure 54(d)(1);

I. That Defendants and their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under authority from

Defendants be preliminarily and permanently enjoined from making any further allegations that Canfield's Vectra WB360 product infringes the '748 patent;

J.  That judgment be entered in Canfield's favor that this case is exceptional and awarding Canfield its attorney fees and costs under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

K.  That Canfield be awarded any other relief as the court or a jury deems just and proper.

## JURY DEMAND

Canfield demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

David C. Stanziale, Esq. is hereby designated as trial counsel for the Plaintiff, and Thomas L. Duston, Esq., *pro hac vice pending.*

## CERTIFICATION

Defendant hereby certifies to the best of Defendant's knowledge, there is no other action presently pending or contemplated in any Court and this matter is likewise not the subject of any pending arbitration proceeding. There are no additional parties anticipated by defendants to be named in this lawsuit.

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

## CERTIFICATION

I certify that this pleading was served within the time prescribed by the Rules of Court.

## REQUEST FOR DISCOVERY

Take notice that demand is hereby made of the Defendants for complete compliance with Federal Rule of Civil Procedure 26 and for all discovery and items or documentation served on all and/or other parties to this litigation.

I hereby certify that the foregoing statements made by be are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 1, 2016

By: /s/ DAVID C. STANZIALE
David C. Stanziale
David C. Stanziale LLC
552 High Mountain Rd
North Haledon, NJ, 07508-2660
(973) 955-0470 (Telephone)
(973) 955-0473 (Facsimile)

Thomas L. Duston (*pro hac* pending)
  IL Bar No. 6196612
Julianne M. Hartzell (*pro hac* pending)
  IL Bar No. 6275093
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
Suite 6300
Chicago, Illinois 60606-6357
(312) 474-6300 (Telephone)
(312) 474-0448 (Facsimile)

ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Canfield Scientific, Inc., a New Jersey Corporation

### DEFENDANTS
Melanoscan LLC, a Connecticut limited liability corporation, and Dr. Rhett Drugge, an individual

(b) County of Residence of First Listed Plaintiff: **Morris**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
David C. Stanziale, LLC, 552 High Mountain Road, Suite 3, North Haledon, NJ 07508 (973) 955-0470 FAX (973) 955-0473

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Statute "28 U.S.C. Sec. 2201; 35 U.S.C. Sec. 271; 15 U.S.C. Sec. 1121"

Brief description of cause:
D.J. action of non-infringement U.S. Pat. No. 7,359,748 and false advertising under Sec. 43(a) of Lanhan Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/01/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ DAVID C. STANZIALE, ESQ.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____