## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANFIELD SCIENTIFIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> DR. RHETT DRUGGE, et al., <br><br> Defendants. | Honorable John Michael Vazquez <br> Civil Action No. 16-cv-04636 |

### JOINT SUBMISSION UNDER L. PAT. R. 4.6

Plaintiff Canfield Scientific, Inc. and Defendants Melanoscan, LLC and Dr. Rhett Drugge ("Melanoscan") submit the following proposed schedule pursuant to L. Pat. R. 4.6 for a claim construction hearing in this matter with respect to the patent-in-suit, U.S. Patent No. 7,359,748.

The parties request that the Court allot a total of three (3) hours for the hearing and that the hearing be conducted by videoconference. The parties are prepared to address each of the limitations discussed in their claim construction briefing. However, the parties believe that the following terms may be claim or case dispositive, significant to the resolution of the case, and/or conducive to promoting settlement.

ME1 33467657v.1

| **Claim Term** | **Issue(s) to be Addressed** |
|---|---|
| "an enclosure configured to receive a person or portion thereof for imaging the person or portion thereof" (claim 1) | Claim Construction |
| "first means for receiving and enclosing a person or portion thereof to image the person or portion thereof" (claim 51) | Claim Construction |
| "wherein the enclosure defines a specified imaging position for placing the person or portion thereof within the enclosure for imaging" (claim 1) | Claim Construction |
| "second means located within the first means for specifying an imaging position for placing the person or portion thereof within the first means, wherein the second means defines a centerline" (claim 51) | Claim Construction, Indefiniteness |
| "wherein . . . the specified imaging position defines a centerline" (claim 1) | Claim Construction, Indefiniteness |
| "each [imaging device/imaging means] is located a predetermined distance relative to the specified imaging position" (claims 1, 51) | Claim Construction |
| "wherein each of said [imaging devices/imaging means] generates an image of the illuminated person or portion thereof located at the [specified imaging position/second means], and defines respective coordinates and said respective predetermined distance relative to the [specified imaging position/second means], and defines a | Claim Construction, Indefiniteness |

2

| | |
|---|---|
| respective focal length and resolution information, allowing precise measurement of imaged features of the person or portion thereof located at the [specified imaging position/second means]" | |

The parties propose to allocate time equally with each party having a total of 1.5 hours to use for its arguments. The parties defer to the Court with respect to the structure of that argument. One approach would be for the parties to present on one term or related groups of terms, such as the above terms, at a time, with Counter-Plaintiff Melanoscan presenting arguments, followed by Counter-Defendant Canfield, then Melanoscan's rebuttal, if any, followed by that of Canfield, if any. Alternatively, the parties could present their arguments for all terms at once, reserving such time as they choose for their respective rebuttals.

The parties propose to submit to the Court, and to exchange amongst the parties, demonstrative exhibits, including slides, three business days prior to the hearing, but defer to the Court if it wishes an earlier date. The parties offer to have a telephone conference with the Court in advance of the hearing to address any issues the Court may wish to address.

Canfield suggests that that the claim construction hearing date be set for a time after any motions to strike evidence or arguments have been briefed and considered by the court (*i.e.* mid-July or later). Melanoscan does not join in this

suggestion by Canfield since the briefing on the only pending motion to strike (DN 128 through 128-2) will be completed by June 8, 2020 and therefore will be completed before the claim construction hearing.

Dated: May 27, 2020                                         Respectfully Submitted,

By:   /s/ David C. Stanziale                   By:   /s/ Jonathan Short             
    David C. Stanziale                                              Jonathan Short
    **DAVID C. STANZIALE, LLC**                          McCARTER & ENGLISH, LLP
    552 High Mountain Road                                Four Gateway Center
    North Haledon, NJ 07508                              100 Mulberry Street
    Tel. 973-955-0470                                              Newark, New Jersey 07102
                                                                                        (973) 622-4444
    Thomas L. Duston (pro hac vice)                  E-mail: jshort@mccarter.com
    Julianne M. Hartzell (pro hac vice)
    **MARSHALL, GERSTEIN, & BORUN, LLP**       Mark D. Giarratana (*pro hac vice*)
                                                                                        Kevin L. Reiner (*pro hac vice*)
    233 S. Wacker Drive, Suite 6300                  McCARTER & ENGLISH, LLP
    Chicago, IL 60606                                              CityPlace I
    Tel. (312) 474-6300                                          185 Asylum Street
    *Attorneys for Plaintiff*                                    Hartford, CT 06103
    *Canfield Scientific, Inc.*                                 (860) 275-6700
                                                                                        *Attorneys for Defendants*
                                                                                        *Melanoscan, LLC and Dr. Rhett Drugge*