**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CANFIELD SCIENTIFIC, INC.,<br>　　　　*Plaintiff*,<br>v.<br>DR. RHETT DRUGGE, MELANOSCAN LLC,<br>*et al.*<br>　　　　*Defendants*, | Civil Action No. 16-cv-04636<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Pending before the Court is Defendants' motion to strike Plaintiff's invalidity contentions pursuant to Fed. R. Civ. P. 12(f). The Court reviewed the parties' submissions in support and in opposition[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to strike is denied without prejudice.

**I.　　BACKGROUND**

This is a patent infringement action. Defendant Melanoscan LLC ("Melanoscan"), through an assignment from Defendant Dr. Rhett Drugge, owns United States Patent No. 7,359,748 (the "'748 Patent"). D.E. 1 ("Compl.") ¶ 11. The '748 Patent relates to the detection, diagnosis and treatment of skin cancer. D.E. 90 at 1. Plaintiff Canfield Scientific, Inc. ("Canfield") developed, and now manufactures and sells, an imaging system identified as the "Vectra WB360." Compl. ¶ 13. Canfield asserts that Dr. Drugge publicly accused Canfield's Vectra WB360 of infringing the

---

[1] Defendants' brief will be referred to as "Def. Br." D.E. 105; Plaintiffs' opposition will be referred to as "Pl. Opp." D.E. 114; and Defendants' reply will be referred to as "Def. Reply" D.E. 115.

'748 Patent to Canfield's customers and prospective customers. *Id*. ¶¶ 15-17. Canfield claims that its devices do not infringe any claim of the '748 Patent. *Id*. ¶ 25. Canfield filed its initial Complaint on August 1, 2016, bringing claims for: (1) a declaration that the "Vectra WB360 product does not infringe the '748 patent," *id*. ¶¶ 29-32; (2) tortious interference with contractual and prospective business advantage, *id*. ¶¶ 39; (3) unfair competition under the Lanham Act, *id*. ¶¶ 40-45; (4) commercial disparagement under New Jersey common law, *id*. ¶¶ 46-51; and (5) unfair competition under New Jersey common law, *id*. ¶¶ 52-54.

In response, Defendants filed a motion to dismiss Counts Two through Five of Plaintiff's Complaint. D.E. 15. The Court granted Defendants' motion without prejudice as to Counts Two and Four and as to the allegations related to the two July 15, 2016 letters in Counts Three and Five. D.E. 21. Defendants' motion was denied as to the allegations concerning the June 18, 2016 email in Counts Three and Five. *Id.* Although the Court granted Plaintiff leave to file an amended complaint within thirty days, Plaintiff did not do so. Accordingly, all that remains of Plaintiff's Complaint is Plaintiff's claim for declaratory judgment of non-infringement and Plaintiff's claims for unfair competition related to the June 18, 2016 email. On June 9, 2017, Defendants filed their Answer along with a Counterclaim stating a single cause of action for infringement of the '748 Patent. D.E. 23. On June 30, 2017, Plaintiff asserted an additional claim for declaratory judgment of invalidity. D.E. 25.

On September 21, 2017, Canfield filed a petition (the "Petition") with the United States Patent Office seeking *inter partes* review (the "IPR") of Claims 1-8, 11, 30, 32-34, 46, and 51 of the '748 Patent. D.E. 34-3 ¶ 3. The Petition challenged the validity of the '748 Patent before the U.S. Patent Office's Patent Trial and Appeal Board (the "PTAB"). *Id.* ¶ 4. On November 9, 2017, Canfield filed a motion, requesting the Court to stay all proceedings in the litigation pending the

PTAB's resolution of the IPR. D.E. 34. On June 13, 2018, United States Magistrate Judge James B. Clark granted Canfield's motion to stay and stayed and administratively terminated this litigation pending the completion of the IPR. D.E. 90 at 10. On October 18, 2019, the parties reported that the IPR had completed and that the PTAB had issued a final written decision "finding that the challenged claims had not been proven invalid on any ground raised by Canfield in the IPR." D.E. 98-1. Defendants also reported their intention to file a motion to strike under 35 U.S.C. § 315(e)(2)'s collateral estoppel provision, arguing that Canfield is barred from relitigating in this action certain of its invalidity contentions that were raised, or which reasonably could have been raised, during the IPR. *Id*. at 3. On November 27, 2019, Judge Clark reinstated the matter and granted Defendants' request to file a motion to strike. D.E. 101. On December 31, 2019, Defendants filed their motion to strike, which Plaintiff opposed on February 5, 2020. D.E. 105, D.E. 114. On February 11, 2020, Defendants filed their reply brief in further support of their motion to strike. D.E. 115.

## II.     ANALYSIS

Canfield's principle argument in opposition to Defendants' motion to strike is that it is premature in light of Canfield's pending appeal of the PTAB's decision in the IRP with the United States Court of Appeals for the Federal Circuit. Pl. Opp. at 7-9. Canfield argues that the Court will waste its resources in deciding the motion to strike now because the Federal Circuit could vacate PTAB's decision which would, in turn, void Defendants' estoppel arguments. *Id*. at 9. In response, Defendants point to a district court's decision that applied collateral estoppel under 35 U.S.C. § 315(e)(2) while an appeal of the PTAB's decision in an IPR was pending and contend that Canfield's appeal has a low likelihood of success. Def. Br. at 11 (citing *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 12-cv-05501, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017)). Neither

party has identified binding authority on this issue.  Both parties agree that Canfield's appeal of the PTAB's decision in the IPR is pending; there has been no indication that the Federal Circuit has resolved the appeal.  Def. Br. at 12; Pl. Opp. at 1.  Because binding Federal Circuit authority strongly suggests the PTAB's decision cannot be given preclusive effect until affirmed by the Federal Circuit, the Court finds that Defendants' motion to strike cannot be decided before the Federal Circuit decides Canfield's appeal.

In *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018), the defendant appealed the district court's denial of its motions for a new trial under Fed. R. Civ. P. 59(a) which challenged the jury's findings that the defendant had not proved that the plaintiff's patent claims were invalid and that the defendant had willfully infringed the plaintiff's patent.  *Id*. at 1289.  On appeal before the Federal Circuit, the defendant argued that the district court had abused its discretion in denying its new trial motions on the invalidity issues.  *Id*. at 1293-94.  However, the Federal Circuit refused to address the defendant's invalidity arguments as to certain of the plaintiff's patent claims based on its affirmance, in a separate opinion, of a PTAB decision that held those claims "unpatentable."  *Id*. at 1294.  The Federal Circuit stated that its affirmance of the PTAB's unpatentability finding "*renders final* a judgment on the invalidity of the [certain patent claims] and has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent."  *Id*. (emphasis added).  The *XY, LLC* court explained that "an *affirmance* of an invalidity finding, whether from a district court or [the PTAB], has a collateral estoppel effect on all pending or co-pending actions" because "'a patentee, *having been afforded the opportunity to exhaust his remedy of appeal from a holding of invalidity*, has had his 'day in court,' and a defendant should not have to continue 'defend[ing] a suit for infringement of [an] adjudged invalid patent.'"  *Id*. (emphasis added (quoting *U.S. Ethernet Innovations, LLC v. Tex. Instruments Inc.*, 645 Fed. App'x. 1026, 1028-30

4

(Fed. Cir. 2016)).  Accordingly, the court dismissed as moot the defendants' invalidity arguments as to the patent claims the PTAB had found unpatentable.  *Id*. at 1295.

The Federal Circuit's decision in *XY, LLC* strongly suggests that a PTAB holding in an IPR does not gain preclusive effect until affirmed on direct appeal.  *See also Pers. Audio, LLC v. CBS Corp.*, 946 F.3d 1348, 1354 (Fed. Cir. 2020) (characterizing the Federal Circuit's decision in *XY, LLC* as follows: "we held that district court actions had to terminate when a [PTAB] unpatentability ruling as to the relevant patent claims was *affirmed on appeal*."(emphasis added)).  Moreover, although the *XY, LLC* majority's opinion did not explicitly cite 35 U.S.C. § 315(e)(2) – one of the grounds on which Defendants move here – the Court's opinion indicates that it, at a minimum, considered that code provision in reaching its decision because the majority considered and rejected the concurrence's argument that section 315(e)(2) did not apply.  *Compare XY, LLC*, 890 F.3d at 1299 (Newman, Cir. J., concurring-in-part, dissenting-in-part) *with id*. at 1295.

Applying *XY, LLC* here, the Court finds that it cannot address Defendants' motion to strike at this time, since the Federal Circuit has yet to decide Canfield's appeal of the PTAB's final decision in the IPR.  Def. Br. at 12; Pl. Opp. at 1.  Defendants' reliance on *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 12-cv-05501, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017) is misplaced.  First, that decision was rendered prior to the Federal Circuit's decision in *XY, LLC,* which is binding on this Court.  Second, the *Verinata Health, Inc.* court merely referenced the fact that an appeal of the PTAB's decision was pending – it does not appear that the issues raised here and to the Federal Circuit in *XY, LLC* were raised in *Verinata Health, Inc*.  *See id*. at *4.

### III.   CONCLUSION

Defendants' motion to strike, D.E. 105, is **DENIED without prejudice**.  An appropriate Order accompanies this Opinion.

Dated: October 29, 2020

                                                                                                        _____

                                                                                                        John Michael Vazquez, U.S.D.J.